UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:18-cv-81249-DMM

MICHAEL FOOTE,

    Plaintiff,

v.

DISCOVERY TANK TESTING, INC., a Florida corporation,
and ELIZABETH PELLEGRINO, an individual,

    Defendants.

_____/

**JOINT MOTION TO APPROVE SETTLEMENT AND
JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff, MICHAEL FOOTE ("Plaintiff" or "FOOTE"), and Defendants, DISCOVERY TANK TESTING, INC., and ELIZABETH PELLEGRINO, ("DTT," "Pellegrino" and collectively "Defendants"), in connection with the parties' settlement in this case, hereby jointly request that this Court approve their settlement and dismiss this matter with prejudice and state as follows:

1. On September 14, 2018, Plaintiff filed his Complaint alleging overtime violations under the FLSA and a claim for Defamation. Pursuant to the Court's Order for FLSA cases, Plaintiff filed his Statement of Claim and Defendants filed their response. Subsequent to that exchange of information, a mediation was scheduled at which the Parties were able to resolve this case.

2. Plaintiff's overtime claims arose from the allegations that in his role as a tank tester, Plaintiff worked for many hours for which he did not receive compensation, and that he worked approximately fifty (50) hours per work week. Plaintiff alleges that the damages arising from his

FLSA claim are accounted for in his Statement of Claim. In Defendants' response, Defendants disclosed records, and continued to assert Plaintiff had been paid for all hours worked.

3. The Parties resolved the case with Defendants agreeing to pay $3,500.00 to Plaintiff for the alleged overtime violations, inclusive of liquidated damages, to provide a full retraction on the Defamation claim in the form of an affidavit that Plaintiff can use with all prospective employers and $15,000.00 to his attorneys for attorneys' fees and costs. Plaintiff made the fully informed decision that the value of the retraction was substantial and worth more to him than a potential judgment on the Defamation claim, noting further that a money judgment would not necessarily have removed the defamatory language from his employment application file with the Collier County Sherriff's Office. A copy of the Settlement Agreement and Affidavit are attached as Exhibit A and includes the full breakdown of payments to Plaintiff.

4. Importantly, with respect to his FLSA claim, Plaintiff is receiving what he now acknowledges to be the full amount of the relief he could receive if this matter was to go to trial. Plaintiff is receiving this amount even though his overtime claim was disputed. Significantly, Defendants believe that although Plaintiff is not entitled to the benefits conferred in the Settlement Agreement, he is receiving significant value to resolve his claims. The parties jointly agree that the terms of their settlement are appropriate in light of all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of each side winning or losing was taken into account in the parties agreeing upon the resolution memorialized in their Settlement Agreement.

5. In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

6. Pursuant to *Lynn's Food*, the Court's review of the Parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement:
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3.

7. At all times material hereto, Plaintiff and Defendants have been represented by counsel very experienced in the litigation of FLSA claims and the settlement amount and the final

Settlement Agreement was the subject of arms-length negotiations. Furthermore, as discussed above, Plaintiff's FLSA claims were resolved for what Plaintiff now acknowledges is the full amount he could recover if this matter went to trial. The Parties therefore respectfully submit that the Agreement they have entered into is consistent with the intent and purpose of the Fair Labor Standards Act and the requirements on *Lynn's Food*, as all of the relevant criteria support approval of the ultimate settlement in this matter.

8. Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendants with respect to the settlement ultimately agreed upon. Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the Plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, as well as the separate amount to be paid to his counsel, the Parties believe it is transparent that there was no fraud or collusion. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

9. Further, the attorneys' fees and costs agreed upon to be paid by Defendants under the Parties' settlement were never (and are not) a percentage of any total recovery in this case such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendants on Plaintiff's behalf. *See* 29

U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P. A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiff's attorneys' fees and costs in this case are separate and apart from the amounts to be paid to Plaintiff under the Parties' Agreement, and the amounts being paid to Plaintiff under the Parties' settlement were negotiated based upon the value of all of the claims asserted, including the overtime wages claimed by Plaintiff, with Plaintiff's attorneys' fees and costs reviewed and negotiated separately. As the Middle District of Florida explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. Defendants agree and acknowledge that the sums to be paid by them under the Settlement Agreement for Plaintiff's attorney's fees and costs are reasonable based upon the circumstances herein, and the amounts to be paid by Defendants satisfies any and all amounts Plaintiff owes to his attorney.

10. Finally, the Parties jointly advise the Court that their settlement herein, and the Settlement Agreement being submitted for review and approval by the Court, includes every term and condition of the parties' settlement, such that there are no side deals or other terms outside of those being provided to the Court for review.

11. Based upon the foregoing, the Parties jointly believe the settlement terms are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice in this action.

12. As a condition for dismissal, the Parties agree to dismissal of this action on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, all parties respectfully request the Court issue an Order: (1) approving the Parties' settlement; and (2) dismissing this action with prejudice.

Dated: March 27, 2019.

By:   /s/ Charles Eiss
    Charles M. Eiss, Esq.
    Fla. Bar No. 612073
    chuck@icelawfirm.com
    Law Offices of Charles Eiss, P.L.
    7951 SW 6th Street, Suite 308
    Plantation, Florida 33324
    Tel: (954) 914-7890
    Fax: (855) 423-5298
    Attorneys for Plaintiff

By:   /s/ Alan C. Espy
    Alan C. Espy, Esq.
    Fla. Bar No. 375187
    alanespy@bellsouth.net
    espylaw58@gmail.com
    3300 PGA Boulevard, Suite 630
    Palm Beach Gardens, FL 33410
    Tel: (561) 627-4775
    Fax: (561) 672-4802
    Attorney for Defendants

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 27th day of March, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                 s/ Charles Eiss
                                                                 CHARLES EISS, ESQ.

<u>SERVICE LIST</u>

**United States District Court**
**Southern District of Florida**
*Foote v. Discovery Tank Testing, Inc. et al.*
Case No. 9:18-cv-81249-DMM

Charles M. Eiss, Esq.
Florida Bar No. 612073
Email: chuck@icelawfirm.com
**Law Offices of Charles Eiss, P.L.**
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
Tel: (954) 914-7890
Fax: (855) 423-5298

*Attorneys for Plaintiff*


Alan C. Espy, Esq.
Florida Bar No. 375187
Email: alanespy@bellsouth.net
      Espylaw58@gmail.com
Alan C. Espy, P.A
3300 PGA Blvd Ste 630
Palm Beach Gardens, Florida 33410
Tel: (561)627-4775
Fax: (561)627-4802

*Attorneys for Defendants*


Method of Service: CM/ECF